UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**REINE CONSTRUCTION CORPORATION, ET AL.**

**VERSUS**

**NK NEWLOOK, INC., ET AL.**

CIVIL DOCKET

No. 11-554

SECTION "I"

### ORDER AND REASONS

Before the Court is plaintiffs' motion to remand. Defendant, Jean-Philippe Meunier ("Meunier"), opposes the motion.[1] For the following reasons, plaintiffs' motion to remand is **GRANTED**.

*BACKGROUND*

The facts material to resolving this motion are not seriously in dispute. On January 4, 2011, plaintiffs sued defendants for recission of sale and breach of contract in the 22nd Judicial District Court for the Parish of St. Tammany, Louisiana. Defendant, Robert Nottin ("Nottin"), was served on January 14, 2011. Defendant, David Bitton ("Bitton"), was served on January 15, 2011. Defendant, Prodictive, LLC, was served on January 15, 2011. Counsel for both parties agree that Meunier was never served. On March 10, 2011, Meunier filed a notice of removal in this case.

The parties do not seriously dispute that $75,000 is in controversy. Nor do the parties appear to dispute that completely diversity exists.

---

[1] In addition to Jean-Philippe Meunier, the defendants in this action are NK Newlook, Inc., NK Newlook Industries, Inc., Robert Nottin, David Bitton, Prodictive, LLC, and David Hollingshead.

1

## LAW AND ANALYSIS

### *Removal and Remand*

28 U.S.C. § 1332(a)(1) states that, "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states . . . . " A district court must remand a case to state court if, at any time before final judgment, it appears that the court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). The removal statute is strictly construed. *Sea Robin Pipeline Co. v. New Medico Head Clinic Facility,* No. 94–1450, 1995 U.S. Dist. LEXIS 12013, at *2, 1995 WL 479719 (E.D.La. Aug. 14, 1995) (Clement, J.) (quoting *York v. Horizon Fed. Sav. & Loan Ass'n,* 712 F.Supp. 85, 87 (E.D.La. 1989) (Feldman, J.)). When challenged by a plaintiff seeking remand, the defendant attempting to establish removal bears the burden of proof. *Wilson v. Republic Iron & Steel Co.,* 257 U.S. 92, 97, 42 S.Ct. 35, 37, 66 L.Ed. 144 (1921); *Sid Richardson Carbon & Gasoline Co. v. Interenergy Res.,* 99 F.3d 746, 751 (5th Cir.1996). Doubts concerning removal are to be construed against removal and in favor of remand to state court. *Manguno v. Prudential Prop. & Cas. Ins. Co.,* 276 F.3d 720, 723 (5th Cir. 2002) (citation omitted).

### *First-Served Defendant Rule*

"The provisions of section 1446(b)[2] make it clear that a petition for removal must be filed within thirty days after service of summons upon the defendant." *Getty Oil Corp. v. Ins. Co. of*

---

[2] 28 U.S.C. § 1446(b) states, in pertinent part, that:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial

2

*N. Am.,* 841 F.2d 1254, 1262 (5th Cir.1988). As the United States Court of Appeals for the Fifth Circuit has determined, "[i]n cases involving multiple defendants, the thirty-day period begins to run as soon as the first defendant is served (provided the case is then removable)." *Id.* at 1263. All defendants who have been properly joined and served must join in the removal petition "no later than thirty days from the day on which the first defendant was served." *Id.* at 1262-63. If the removing parties fail to comply with such procedural requirements, the plaintiff may move for remand within thirty days of removal. 28 U.S.C. § 1447(c) ("A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal....").

The application of the first-served defendant rule is straightforward in this case. Nottin was served on January 14, 2011. As such, defendants had until February 14, 2011 to remove the case to federal district court. Because Meunier removed the case on March 10, 2011, defendants failed to meet their deadline. Accordingly, this matter must be remanded to state court. Although "[t]he Fifth Circuit has noted that there are instances where there may be 'equitable reason[s]' why the [thirty-day] limit should not be applied," the Court concludes that no such equitable reason exists in this case. *See Caillouet Land Corp. v. Chevron Pipe Line Co.,* Civil Action No. 06-10533, 2007 WL 1991531, at *5 (E.D. La. July 3, 2007) (Fallon, J.) (citing *Brown v. Demco, Inc.,* 792 F.2d 478, 481 (5th Cir. 1986)).

Additionally, although defendant invites this Court to disregard Fifth Circuit precedent embodied in the first-served defendant rule and apply the "last-served defendant rule" adopted

---

> pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

more recently by other United States Courts of Appeals,[3] the Court declines defendant's invitation. The decision to abandon the first-served defendant rule must be made by the Fifth Circuit. Until it does so, this Court must follow the Fifth Circuit's binding precedent.

**"*Fraudulent Joinder*"**

Although the parties do not appear to dispute that complete diversity exists among the parties, defendant perplexingly makes the argument that Nottin and Bitton were "fraudulently joined." As such, defendant argues that this Court should refuse to remand the case.

Fraudulent joinder (which the Fifth Circuit now refers to as improper joinder) is a rule that allows a federal district court to retain jurisdiction over a case in which complete diversity is lacking because (1) there was actual fraud in pleading jurisdictional facts; or (2) the plaintiff is unable to establish a cause of action against the non-diverse defendant. *R.C. Tippen v. Republic Fire and Cas. Ins. Co.,* Civil Action Nos. 06-7701, 06-8440, 2007 WL 4219352, at *2 (E.D. La. Nov. 28, 2007) (Vance, J.) (citing *Smallwood v. Ill. Cent. R.R. Co.,* 352 F.3d 220, 222 (5th Cir.2003)).

Defendant does not cite any case in which the improper joinder rule was applied to defeat a motion to remand where the parties were completely diverse and where all defendants consented to removal. The Court notes that the policy rationale animating the improper joinder rule does not exist in a case in which the parties are completely diverse. Because complete diversity exists, defendants would have been entitled to litigate this case in a federal forum had they removed it within the statutorily allotted timeframe.

---

[3] For example, defendant states that *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999) "has caused several courts to predict that the Supreme Court would abandon a strict view and would allow the last-served defendant rule to apply." R. Doc. No. 8, pg. 4. See Bailey v. Janssen Pharmaceutica, Inc., 536 F.3d 1202 (11th Cir. 2008); Brierly v. Alusuisse Flexible Packaging, Inc., 184 F.3d 527 (6th Cir. 1999); Marano Enterprises of Kansas v. Z-Teca, 254 F.3d 753 (8th Cir. 2001). Nevertheless, defendant concedes that the first-served defendant rule is binding in the Fifth Circuit.

*Other Arguments in Support of Remand*

Because the Court has determined that this matter must be remanded pursuant to the first-served defendant rule, the Court need not reach plaintiffs' other arguments in favor of remand.

## CONCLUSION

Accordingly, **IT IS ORDERED** that plaintiffs' motion to remand is **GRANTED** and that this matter is **REMANDED** to the 22nd Judicial District Court for the Parish of St. Tammany, Louisiana.

New Orleans, Louisiana, May __17th__, 2011.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**